## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**RICKY WHITE**                                                                                    **PETITIONER**
**ADC #77503**

**V.**                         **CASE NO. 5:18-CV-311-SWW-BD**

**WENDY KELLEY, Director,**
**Arkansas Department of Correction**                                            **RESPONDENT**

### RECOMMENDED DISPOSITION

**I.     Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge Susan Webber Wright. Mr. White may file written objections with the Clerk of Court. To be considered, objections must be filed within 14 days. Objections should be specific and should include the factual or legal basis for the objection.

If Mr. White does not file objections, he risks waiving the right to appeal questions of fact. And, if no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing the record.

**II.    Background:**

Petitioner Ricky White, an inmate in the Arkansas Department of Correction ("ADC"), brings this 28 U.S.C. § 2254 petition for writ of habeas corpus. (Docket entry #2) Mr. White was convicted of aggravated robbery in Miller County Circuit Court. He was sentenced, as a habitual offender, to serve 75 years in the ADC. The Arkansas

Supreme Court affirmed his conviction and sentence. *White v. State*, 310 Ark. 200 (1992).

In 1993, Mr. White commenced his first federal court challenge to his conviction by filing a petition for writ of habeas corpus in the Western District of Arkansas under 28 U.S.C. § 2254. *White v. Endell*, No. 4:93-CV-4021 (May 28, 1993). The court denied the petition. *Id*. at docket entry #15. Mr. White filed a notice of appeal with the Eighth Circuit, but later withdrew the notice. *Id*. at docket entries #17, #19.

In 1996, Mr. White commenced his second federal court challenge to the same conviction, again by filing a petition for writ of habeas corpus in the Western District of Arkansas. *White v. Norris*, No. 4:96-CV-4102 at docket entry #1 (July 2, 1996). The court denied the petition as an unauthorized second petition. *Id*. at docket entry #9 (August 20, 1996). Mr. White petitioned the Eighth Circuit for permission to file a successive petition, but the Court denied his request. *Id*. at docket entry #10 (Nov. 6, 1996).

In 2000, Mr. White commenced a third petition for writ of habeas corpus in the Eastern District of Arkansas challenging the same conviction. *White v. Hobbs*, No. 5:00-CV-6 SWW (Jan. 7, 2000). Judge Wright adopted a recommendation to dismiss the petition as an unauthorized second or successive petition. *Id*. at docket entry #8.

Mr. White has now commenced his fourth federal court challenge to his aggravated robbery conviction by filing the instant petition for writ of habeas corpus. (Docket entry #2) Mr. White attaches to his petition a recent Arkansas Supreme Court order denying his appeal of the trial court's denial of his petition to correct an illegal

sentence. (#3 at 56) The Arkansas Supreme Court denied the appeal because Mr. White failed to state a basis for relief under Arkansas law or Arkansas Rule of Criminal Procedure 37.1. (#3 at 56) *White v. State*, 2018 Ark. 81. It appears that Mr. White now attempts to appeal the denial of his state petition. (#2 at 3) He claims that his sentence is illegal because two of his prior convictions should not have been admitted into evidence for the jury to consider during sentencing. (#2 at 2-9, #3 at 2)

### III.   Discussion:

This Court lacks jurisdiction to hear Mr. White's petition. As set forth above, Mr. White has already challenged his conviction through earlier federal habeas petitions. Before he is eligible to file another federal petition challenging this conviction, he must seek and receive an order from the Court of Appeals for the Eighth Circuit authorizing this Court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Without an order from the court of appeals authorizing a second petition, the district court cannot hear the petition. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).[1]

Summary dismissal of a habeas corpus petition – prior to any answer or other pleading being filed by the respondent – is appropriate where the petition itself and court records show that the petition is a second or successive petition filed without authorization from the court of appeals. See Rule 4, Rules Governing Habeas Corpus Cases. The pending petition is clearly successive.

---

[1] The court of appeals can authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. See 28 U.S.C. § 2244(b)(2).

## IV.    Conclusion:

The Court recommends that Judge Wright: DENY and DISMISS Ricky White's petition for writ of habeas corpus (#2), without prejudice; deny his motion for leave to proceed *in forma pauperis* (#1) as moot; and deny a certificate of appealability.

DATED this 20th day of December, 2018.

_____
UNITED STATES MAGISTRATE JUDGE